# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| MATTHEW S. CARICOFE, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:21-cv-00137 |
| | ) | |
| v. | ) | |
| | ) | |
| ROCKINGHAM-HARRISONBURG | ) | |
| JAIL, et al., | ) | By: Michael F. Urbanski |
|     Defendants. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

At the time he filed his complaint, Matthew S. Caricofe was a Virginia inmate proceeding pro se and awaiting sentencing in state court. He commenced this civil action under 42 U.S.C. § 1983, naming three defendants: the Rockingham-Harrisonburg Regional Jail ("the Jail"), Michael Cobb of the "Commonwealth of Virginia Attorney Office," and Rockingham Sheriff Bryan F. Hutcheson. Caricofe alleges that defendants violated his Eighth Amendment rights based on the conditions at the Jail and, specifically, the policies and procedures implemented by the Jail for dealing with COVID-19.

At the time of filing, he was housed at the Jail, but he was subsequently moved to a different regional jail and has since been released from custody. He has applied to proceed in forma pauperis as a non-prisoner. That motion, ECF No. 14, will be granted, and he will not be required to pay any portion of the filing fee.

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See also 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding in forma pauperis, to dismiss the case if it is frivolous or fails to state a

claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Caricofe's complaint, the court concludes that it is subject to dismissal pursuant to § 1915A(b)(1), as discussed in more detail below. Moreover, because nothing about his allegations suggests to the court that Caricofe can cure the deficiencies in his complaint, the court will dismiss the case with prejudice.

## I.	BACKGROUND

Caricofe claims that a coronavirus outbreak began at the Jail began in January 2021. His complaint alleges that his "health and safety" is being jeopardized because "the Jail/officers in here are not following testing rules, social distancing, [or] any other" protocols. Compl. 3, ECF No. 1. In particular, he alleges that there is "cross contamination" because there is a "mixing" of persons who might be ill with ones who are not. Id. at 4; see also id. at 5.

He specifically states that he was never tested for the coronavirus but was in a pod that had two confirmed cases. Id. at 5. He further alleges that the medical department will not test inmates for the virus unless the symptoms are severe. He explains that he filed internal grievances concerning the situation, but they were denied as "irrelevant" and that "[n]o higher up glanced at the situation." Id. at 7. He does not allege that he ever was diagnosed with or suffered from the coronavirus, nor does he identify any specific actions or omissions taken by either of the two individual defendants.

## II. DISCUSSION

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). The court construes Caricofe's complaint as alleging an Eighth Amendment violation based on prison conditions.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). To satisfy the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

Caricofe has failed to state a claim against any of the named defendants. As an initial matter, the Jail itself is not an entity capable of being sued or a "person" for purposes of § 1983. McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893 (E.D. Va. 1992). Even if Caricofe had named as a defendant the entity that operates the regional jail, moreover, and even if he is suing Sheriff Hutcheson in his official capacity as the operator of the Jail, he has not alleged sufficient facts to state a claim.[1] "Local governing bodies . . . can be sued directly under § 1983 for

---

[1] Although the complaint does not allege specifically who operates the Jail, it appears to be administered by Sheriff Bryan Hutcheson, rather than a regional jail authority. See Rockingham County Sheriff's Office,

monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 690 (1978). Thus, a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. Polk Cty. v. Dodson, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 817–18 (1985). Caricofe appears to disclaim any such policy. Instead, he alleges that the officers are not following the rules and protocols. He also alleges that "[n]o higher up glanced at the situation," suggesting that the crux of his problem is not any official policy, but actions by individual unnamed officers. Thus, he has not stated a Monell claim.

As to any individual-capacity claim against Cobb or Hutcheson, moreover, Caricofe fails to identify any action that either of these individuals took or failed to take that he believes violated his constitutional rights, so as to state a claim under 42 U.S.C. § 1983. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability under § 1983 is "personal, based upon each defendant's own constitutional violations") (internal citation omitted); Wilcox v. Brown,

---

"R/H Regional Jail," http://www.rcso-va.com/rockinghamregionaljail.html (setting forth policies and procedures for the jail at a page of the Sheriff's Office's website) (last visited June 30, 2021). Any official-capacity claims against Sheriff Hutcheson are barred for the additional reason that sheriffs in Virginia are state officials and entitled to Eleventh Amendment immunity. Bland v. Roberts, 730 F.3d 368, 391 (4th Cir. 2013). Even if the Jail were operated by a regional jail authority, moreover, some district courts in Virginia have held that regional jail authorities also are entitled to Eleventh Amendment immunity, although the Fourth Circuit has not yet spoken on the issue and there also is contrary authority. See, e.g., Haleem v. Quinones, No. 5:17-cv-00003, 2017 WL 4400767, at *2–3 (W.D. Va. Sept. 30. 2017) (concluding a regional jail authority has Eleventh Amendment immunity under Virginia law); but see Sams v. Armor Corr. Health Servs., Inc., No. 3:19CV639, 2020 WL 5835310, at *13 (E.D. Va. Sept. 30, 2020) ("[T]he Court joins the majority of courts in the Eastern and Western District of Virginia that have found regional jail authorities in the Commonwealth of Virginia are not municipal corporations entitled to sovereign immunity.").

4

877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)). He also has failed to allege any facts to show that either individual had any subjective knowledge of any risk to him. As a result, he has not stated an individual-capacity claim against either one.

With regard to the merits of his claim, moreover, Caricofe fails to allege facts sufficient to state an Eighth Amendment conditions claim against anyone. Most importantly, he does not allege that he has suffered any "significant physical or emotional harm." Nor do the facts alleged suggest that he faced a substantial risk of significant harm. See Shakka, 71 F.3d at 166; see also Harris v. Lotte, No. 3:20CV267, 2021 WL 2152502, at *3 (E.D. Va. May 26, 2021) (dismissing Eighth Amendment claim that prison officials failed to take adequate measures to protect against the spready of Coronavirus where plaintiff was never diagnosed with coronavirus and thus failed to allege a serious or significant physical or emotional injury); Miller v. Sw. Virginia Reg'l Jail Auth.-Duffield Facility, No. 7:21CV00010, 2021 WL 1606469, at *2 (W.D. Va. Apr. 26, 2021) (same); Toure v. Hott, 458 F. Supp. 3d 387, 408 (E.D. Va. 2020) ("Plaintiff has not established deliberate indifference . . . simply because another inmate, who had been released from a COVID-19 quarantine, was assigned as his cellmate. 'Every person in the United States, whether in a detention facility or not, faces COVID-19 exposure.'") (emphasis in Tillery) (citation omitted)).

Because Caricofe has not plausibly alleged facts to satisfy the elements of an Eighth Amendment claim, his claim fails for this reason, too.

5

## III.   CONCLUSION

For the foregoing reasons, the court will summarily dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted.

An appropriate order will be entered.

Entered:  July 6, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.07.06 14:10:36
-04'00'

Michael F. Urbanski
Chief United States District Judge